SLIP OPINION     Cite as 2017 Ark. App. 169



# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV-15-937

| | |
|---|---|
| REBECCA K. MCMAHEN<br>APPELLANT | **OPINION DELIVERED:** MARCH 15, 2017 |
| V. | APPEAL FROM THE POPE<br>COUNTY CIRCUIT COURT<br>[NO. 58CV-15-063] |
| KENNETH MACK ROBINSON AND<br>AMERICAN EXPRESS CENTURION<br>BANK<br>APPELLEES | HONORABLE KEN D. COKER, JR.,<br>JUDGE<br><br>SUPPLEMENTAL ADDENDUM<br>ORDERED |

## ROBERT J. GLADWIN, Judge

Rebecca McMahen appeals the August 14, 2015 order of the Pope County Circuit Court denying her petition for declaratory judgment. In denying the petition, the trial court determined that the three-year statute of limitations provided in Arkansas Code Annotated section 4-59-209 (Repl. 2011) did not apply to prevent appellee Kenneth Mack Robinson from obtaining, under the doctrine of laches, an order setting aside the August 23, 2007 quitclaim deed appellant received from her husband, David McMahen. Rebecca argues that the trial court improperly applied the statute and erred in finding that David had a curtesy interest to which Robinson's judgment lien could attach. We do not reach the merits of the argument because the addendum contained in the appellate brief does not meet the requirements under our rules.

On August 19, 2015, Rebecca filed a postjudgment motion citing Arkansas Rule of Civil Procedure 60 (2015). Robinson filed a response thereto on September 2, 2015, and the circuit court denied the motion by order filed September 10, 2015. None of these pleadings appear in the addendum of Rebecca's brief, nor have they been supplemented by Robinson.

Arkansas Supreme Court Rule 4–2(b)(8)(A)(i) (2016) provides that the addendum must include all motions, including posttrial and postjudgment motions, responses, and orders from which the appeal is taken. Rebecca's notice of appeal filed September 18, 2015, purports to appeal the September 10, 2015 order denying Rebecca's postjudgment motion. Rule 4–2 also provides that if this court determines that deficiencies or omissions in the abstract or addendum need to be corrected, but complete rebriefing is not needed, then the court will order appellant to file a supplemental abstract or addendum within seven calendar days to provide the additional materials from the record to the members of the appellate court. Ark. Sup. Ct. R. 4–2(b)(4).

Accordingly, we order appellant Rebecca McMahen to file a supplemental addendum within seven calendar days of the date of this opinion. We encourage careful and thorough review of our rules to ensure that no additional deficiencies are present.

Supplemental addendum ordered.

HARRISON and MURPHY, JJ., agree.

*Jon R. Sanford, P.A.*, by: *Jon R. Sanford*, for appellant.

*Niswanger Law Firm PLC*, by: *Stephen B. Niswanger* and *Benjamin M. Ross*, for appellee.